## TOLEDO (city) v SOUTHARD

Ohio Appeals, 6th Dist, Lucas Co
No 2207. Decided Nov 25, 1929

Mark Winchester, Asst Dir of Law, Toledo, for City.

Wm. F. & H. Henry Miller, Toledo, for Southard.

RICHARDS, J.

In view of the fact that this projecting pipe came within a step or two of the point where a pedestrian would enter Woodruff Street, and in view of the traffic conditions, we think it was a proper matter to submit to the jury whether the plaintiff was guilty of such contributory negligence as would bar a recovery, and we can not find from the evidence that the trial court committed any error in refusing to direct a verdict nor can we find that a verdict for the plaintiff is not sustained by sufficient evidence.

In the examination of the plaintiff, in answer to a question by his counsel relating to the extent which his earning capacity was affected by his accident, he gave the following answer:

"Well, it has kept me from getting a good position, something that I can work up to. I just got this inspecting job and there is no future to it. If I stayed at the Standard Oil Company I would have soon become a "stillman", making 93 cents and hour."

Counsel for the city made a motion to strike out this answer and when the motion was overruled an exception was duly noted. We think the answer was speculative and based largely upon conjecture as to what advancement he might receive if he had continued in his regular employment with the Standard Oil Company, and the overruling of the motion to exclude it was prejudicial error.

The evidence discloses that the plaintiff remained at home a considerable period of time after his injury before he resumed work, and when his wife was on the witness stand she was asked this question:

"How come he remained home six weeks before returning to work?"
and she answered:

"Because he was not able to work."
On motion the trial court refused to strike out this answer and the city excepted. In view of the fact that the witness had given no facts upon which she based her opinion, we think she was not competent to pass an opinion on his ability to work. The opinions of a non-expert witness only

become competent in connection with the facts upon which the opinion is based.

It is insisted that the trial court committed prejudicial error in giving to the jury before argument plaintiff's request No. 9, which reads as follows:

"A municipality in exercising the power by which it is authorized to construct and maintain its water lines or pipes must in its exercise act with due care with regard to the safety of travelers and in the event of default in duty with respect to such construction and maintenance, resulting in injury to one who is exercising due care" the city becomes liable."

We think it is apparent that the above instruction is faulty in that it announces the doctrine that the city would be liable for any default in duty in the construction and maintenance of a water line resulting in injury to another, whether such default proximately resulted in injury or only remotely so resulted. For the reason that the instruction omits the qualification that liability would only arise in the event that default in duty was the direct or proximate cause of the injury, the instruction was prejudicially erroneous. The matter of contributory negligence is fairly covered by the phrase "resulting in injury to one who is exercising due care" included in the instruction.

Dr. James C. Price was called as a witness by the city and at its request made a physical examination of the plaintiff and testified to the nature and extent of his injuries. In the course of his testimony he stated that he had no interest in the case and that he expected to be paid by the city for the time he spent on the case, which was eminently proper. During the argument of the case to the jury, counsel for the plaintiff used the following language:

"Some objection has been raised by counsel for the city to the extent that I have made the statement to you jurors to the effect that Dr. Price admitted that he was being paid by the city of Toledo and that he admitted that he is the star witness, bought and paid for. Now, in order to receive the proper interpretation from that, which I do not want you to misconstrue, my own statement is this: That Doctor Price admitted he was being paid for his testimony for testifying in this case, and I of my own volition say that he is a star witness bought and paid for."

Counsel for the city excepted to this statement and assigned it as misconduct but the trial court took no action. This court is of the opinion that the statement that Dr. Price was a witness bought and paid for was wholly unwarranted by anything which appears in the record. We recognize the fact that in the fervor of argument counsel may be carried beyond the language which they would use in calmer moments, but their contentions must be based upon somthing in the evidence which would justify the statements made. The evidence in this case contains nothing which would impeach or tend to impeach the integrity or honesty of Dr. Price as a witness and nothing which would justify the statement that he or his testimony was bought and paid for. The statement implies that his testimony was corrupt, if not perjured, and was calculated to inflame and prejudice the jury, and we think it was highly prejudicial and erroneous. Dr. Price was the only medical witness who testified in the case and the size of the verdict indicates that the jury paid little attention to his testimony. The atmosphere created by the unfounded charges of counsel was not such as to be conducive to the administration of justice. The verdict is large and we think that the unfounded charges made against Dr. Price had much to do with the magnitude of the verdict.

We have examined all of the other claimed errors and find none of them requiring a reversal of the judgment, but for the errors indicated above, the judgment will be reversed and the cause remanded for a new trial.

Williams and Lloyd, J., concur.